USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 96-2349

 LUIS A. CORTES-ALEJANDRO,

 Petitioner, Appellant,

 v.

 KATHERINE HAWK, DIRECTOR OF FEDERAL BUREAU OF PRISONS,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 

 Luis A. Cortes-Alejandro pro se.
 Guillermo Gil, United States Attorney, Jose A. Quiles
Espinosa, Senior Litigation Counsel, and Jacabed Rodriguez-Coss,
Assistant United States Attorney.

December 30, 1998

 
 

 Per Curiam. Petitioner appeals from a denial of a
 petition for collateral relief from his conviction under 28
 U.S.C. 2255, and the denial of a motion for a new trial. The
 petition was filed in the district court prior to the effective
 date of the Antiterrorism and Effective Death Penalty Act of
 1996 ("AEDPA"), so our review is under the habeas statutes
 unaltered by the AEDPA. See Martin v. Bissonette, 118 F.3d
 871, 873 (1st Cir. 1997). 
 Below, petitioner argued that the government had
 violated its discovery obligations by withholding impeachment
 information about two government witnesses and that "new"
 impeachment evidence, acquired after petitioner's conviction,
 warranted a new trial. The district court rejected the
 arguments, finding that, (1) the government had disclosed to
 the defense all of the impeachment evidence in its possession
 at the time of trial and, even if it had not, the allegedly
 undisclosed evidence was not "material" to the outcome of the
 trial; and (2) the "new" impeachment evidence acquired after
 the trial was of marginal value and would not likely result in
 an acquittal.
 Having carefully examined the judgement in light of
 the record, the government's brief, and petitioner's filings
 below, we affirm. There is no clear error in the court's
 factual findings and, upon de novo review, we agree that the
 allegedly undisclosed impeachment evidence was not "material"
 to the outcome of the trial. See United States v. Cunan, 152
 F.3d 29, 34 (1st Cir. 1998) (defining "material" evidence in
 this context). The "new" impeachment evidence also was of
 dubious materiality, and there was no "manifest abuse of
 discretion" in the district court's denial of the motion for a
 new trial. United States v. Montilla-Rivera, 115 F.3d 1060,
 1064 (1st Cir. 1997).
 During the pendency of this appeal, petitioner filed
 a confused "motion to remand," which attacks, for the first
 time on appeal, the legality of his sentence. Construed as (1)
 an attempt to insinuate wholly new issues and arguments on
 appeal, the motion is denied. Alternatively, (2) construed as the functional equivalent of a motion for permission to file a
 second or successive 2255 petition, permission is denied. 
 See Pratt v. United States, 129 F.3d 54 (1st Cir. 1997)
 (holding that when a prisoner's first and second habeas
 petitions straddle the AEDPA's effective date, permission to
 proceed with the second petition must be sought in the court of
 appeals), cert. denied, 118 S. Ct. 1807 (1998). There are no
 grounds for certification shown in this motion. See 28 U.S.C.
 2255 (requiring for certification a "new rule of
 constitutional law, made retroactive to cases on collateral
 review by the Supreme Court, that was previously unavailable," 
 or "newly discovered evidence" which might establish that
 petitioner is not guilty of the offense of conviction). 
 Lastly, (3) construed as a motion arguing for retroactive
 revision of the sentence due to an allegedly applicable change
 in the sentencing guidelines while we entertain very grave
 doubts about the merits of the argument petitioner is advised
 that permission from this court is not required for the filing
 of such a motion. See 18 U.S.C. 3582(c).
 The judgement is affirmed. The "motion to remand,"
 alternatively construed as an application for permission to
 file a successive petition, is denied.